UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LANCE WALTERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00458-JPH-DLP |
| | ) | |
| DAVID BETHEL, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON PENDING MOTIONS**

This matter is before the Court for resolution of several motions by Plaintiff Lance Walters.

**I. Motions to Seal Documents**

Claims proceeding in this action are based on allegations that the defendants failed to protect Mr. Walters from violence by other inmates. Mr. Walters presented these allegations in his amended complaint, dkt. 23, and the Court discussed them in screening the complaint, *see* dkt. 22.

On December 10, 2020, the Court ruled on the medical defendants' motion for summary judgment based on the affirmative defense that Mr. Walters failed to exhaust available administrative remedies. Dkt. 74. Mr. Walters now asks the Court to seal its summary judgment ruling on grounds that it is publicly accessible, other inmates have located it, and their knowledge of his allegations of previous assault makes him a target of future assaults.

"What happens in the federal courts is presumptively open to public scrutiny." *Hicklin Eng'g v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *abrogated on other grounds by RTP LLC v. ORIX Real Estate Capital*, 827 F.3d 689, 691–92 (7th Cir. 2016). "Judges deliberate in private but issue public decisions after public arguments based on public records." *Id.* As such, "a strong presumption exists in favor of publishing dispositional orders." *Mitze v. Saul*, 968 F.3d 689, 692

1

(7th Cir. 2020). The Seventh Circuit has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng.'g*, 439 F.3d at 348. "This means that both judicial opinions and litigants' briefs must be in the public record . . . ." *Id.* It is the Court's duty to make a determination of good cause in order to seal any part of the record in a case. *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943, 944 (7th Cir. 1999).

In this case, Mr. Walters alleges that the defendants failed to protect him from an assault, and in so doing has placed information about the alleged assaults into the public record. While the Court understands why Mr. Walters wants to remove details about the alleged assaults from the public record, he has not identified a legal basis for the Court to order any filings in this case to be sealed. *See Conroy v. Henry*, No. 16-cv-750-SMY, 2016 WL 7337979, at *2 (S. D. Ill. Dec. 19, 2016) (denying motion to seal even though case involved "sensitive" information and "refer[ed] to allegations of a violent rape"). Mr. Walters' motions to seal the summary judgment ruling, dkts. [75], [78], and [81], are **denied**.

## II. Motion to Remove Judge

Mr. Walters also moves to remove the undersigned judge from this action because the Court denied motions requesting appointment of counsel and published the summary judgment decision discussed above.[1] Dkt. 81. "'Judicial rulings alone almost never constitute a valid basis' for a recusal motion." *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.*, 299 F.3d 635, 640 (7th Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "Any bias must be proven by compelling evidence," and "[t]he bias or prejudice 'must be grounded in some personal animus or malice that the judge harbors . . . of a kind that a fair-minded person could not entirely set aside

---

[1] A review of the docket indicates that Mr. Walters has not filed a motion regarding the recruitment of counsel in this case.

2

when judging certain persons or causes.'" *Id.* (quoting *United States v. Balistrieri*, 779 F.2d 1191, 1201 (7th Cir. 1985)).

Mr. Walters has not shown compelling evidence of bias or otherwise justified recusal. His motion, dkt. [81], is **denied**.

### III. Motions Requesting Settlement Conference

Mr. Walters' motions requesting a settlement conference, dkts. [79] and [80], are **granted** to the extent that Magistrate Judge Pryor has scheduled a telephonic status conference for February 26, 2021. Dkt. 84. Judge Pryor will discuss interest in a settlement conference with the parties at that time.

The **clerk is directed** to include a form motion for assistance with recruiting counsel with Mr. Walters' copy of this Entry. If Mr. Walters wishes for the Court to recruit counsel to assist him in a settlement conference, he shall complete the form and return it **no later than March 12, 2021**.

### IV. Motion for Extension of Time to Serve Response

On January 20, the defendants responded to Mr. Walters' motions requesting a settlement conference. Dkt. 82. At the same time, the defendants filed an "emergency" motion for extension of time to serve their response on the plaintiff, citing a miscommunication with defense counsel's commercial mailing contractor. Dkt. 83.

The defendants' motion is problematic in at least two respects. First, it is not clear that the defendants intended to file this motion in this action. *See* dkt. 83 at ¶ 8 ("Respondent of course does not object to any extension the Court deems appropriate for petitioner to file a traverse to the return."). Second, the defendants filed their motion as "Unopposed," but they do not indicate that they have communicated at all with the plaintiff regarding this issue.

Accordingly, the defendants' motion for extension of time, dkt. [82], is **denied as presented**.

### V. Conclusion and Further Proceedings

Mr. Walters' motions to seal court documents, dkts. [75], [78], and [81], are **denied**. His motion to remove judge, dkt. [81], is **denied**. His motions requesting a settlement conference, dkts. [79] and [80], are **granted** to the extent discussed in Part III. The defendants' motion for extension of time, dkt. [83], is **denied as presented**.

On December 10, 2020, the Court ordered Mr. Walters to show cause why claims against Defendant Moehle should not be dismissed without prejudice for failure to exhaust administrative remedies. Dkt. 74. Mr. Walters has not responded to the Court's order as directed. Therefore, the Court **grants** summary judgment in Defendant Moehle's favor. Claims against Defendant Moehle are **dismissed without prejudice** for the reasons discussed at dkt. 74. The **clerk is directed** to terminate Defendant Moehle as a defendant on the docket. No partial final judgment shall issue at this time.

**SO ORDERED.**

Date: 2/17/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

LANCE WALTERS
103746
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Bryan Findley
INDIANA ATTORNEY GENERAL
bfindley@cassiday.com

Cameron S. Huffman
INDIANA ATTORNEY GENERAL
cameron.huffman@atg.in.gov

Angela Marie Rinehart
KATZ  KORIN CUNNINGHAM, P.C.
arinehart@kkclegal.com

Kurt Moehle
Medical Professional
Putnamville Correctional Facility
1946 West US Hwy. 40
Greencastle, IN 46135